IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

THE FAMILIES ADVOCATE, LLC,
an Arizona Limited Liability Corporation,
as Conservator of D.M., a Minor;
and SARINA BONNO and JULIAN MORENO,
Individually                                                                                      PLAINTIFFS

V.                                       CASE NO. 3:16-CV-00114

SANFORD CLINIC NORTH d/b/a
SANFORD CLINIC JAMESTOWN;
SARAH SCHATZ, M.D.; and LUTHERAN
CHARITY ASSOCIATION d/b/a
JAMESTOWN REGIONAL MEDICAL CENTER                                        DEFENDANTS

## ORDER

Now before the Court is Plaintiffs' Motion for Sanctions (Doc. 249), which was the subject of oral argument during the Court's pretrial hearing on May 30, 2019. The motion arises out of a long-standing discovery dispute between the parties, which became the subject of an evidentiary hearing presided over by Magistrate Judge Alice R. Senechal on April 29, 2019. *See* Judge Senechal's Order Addressing Discovery Dispute, Doc. 181. As the Court explained during the May 30 hearing, Plaintiffs' request for sanctions is based on their contention that Defendants did not identify and produce non-privileged documents and correspondence according to the requirements of the Federal Rules of Civil Procedure and failed to comply with a Court order issued on January 9, 2019 (Doc. 118), which required the production of privilege logs of communications between defense counsel and retained experts.

As to Plaintiffs' first basis for sanctions, their argument that a discovery violation occurred is based on their interpretation of a version of Rule 26(b) that is no longer in

1

force. Plaintiffs believe certain communications between Defendants' attorneys and their experts needed to be disclosed at an earlier point in discovery, and Defendants maintain that these communications were privileged and did not need to be disclosed at all because they did not fall under the three limited exceptions to the privilege in Rule 26(b)(4)(C)(i)-(iii). The Court agrees for the reasons stated from the bench during the pretrial hearing on May 30.

Moreover, with respect to the medical indexes and summaries that Defendants' attorneys prepared for their experts—which are at the heart of Plaintiffs' request for sanctions—even if the Court assumed that these documents were not privileged, Plaintiffs have not established that they were prejudiced by any failure to produce the documents earlier in the litigation. Defendants have provided the Court with multiple excerpts of defense expert depositions in which the experts all testified that they relied *only* on the medical records in the file in forming their opinions, and that they brought those records with them to their depositions. *See* Doc. 352-2. Plaintiffs argued in their motion and during the May 30 hearing that these experts must not have been telling the truth about relying only on the source documents, as several of them testified incorrectly about D.M.'s Apgar scores, using scores that appeared in the lawyer-generated medical summaries, rather than the ones that appeared in the medical records themselves. To that argument, Defendants have responded that Plaintiffs had the opportunity to question—and did question—these experts about the Apgar scores, so no prejudice has resulted. *See* Doc. 325 at 11. Again, the Court agrees.

Finally, with respect to Plaintiffs' argument that sanctions are appropriate due to Defendants having violated the Court's January 9 order, Magistrate Judge Senechal

thoroughly considered this issue in an opinion issued shortly after her hearing in April. The Court endorses Judge Senechal's reasoning and agrees with her ultimate finding that Defendants did not violate the January order. *See* Doc. 181 at 4-5 ("This court's January 9, 2019 order did not require defendants to produce any additional documents. Rather, it required they produce privilege logs. Though defendants appear to have asserted privilege with a very broad sweep, they timely complied with the order to prepare privilege logs. Accordingly, the failure to obey a Court order is not a valid basis for issuing sanctions in this case.").

For all these reasons and for the reasons stated from the bench during the May 30 hearing, **IT IS ORDERED** that the Motion for Sanctions (Doc. 249) is **DENIED**.

**IT IS SO ORDERED** on this 12th day of June, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE